UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HELEN T. MCCARTHY,

                      Plaintiff(s),              **ORDER**
                                                          CV 05-0229  (ADS) (WDW)
      -against-

CVS PROCARE PHARMACY, INC., et al.,

                      Defendant(s).
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court is defendants' letter motion, dated December 22, 2005, seeking an order compelling responses to interrogatories and production of documents, production of a DVD that "supposedly depicts her hostile work environment," and the manner in which her alleged damages have been computed. As of the date of this order, no opposition has been entered. The defendants' motion is granted in part and denied in part, as detailed below.

      Defendants served interrogatories and document demands on October 25, 2005. Despite defendants' good faith efforts to secure plaintiff's compliance before making this motion, plaintiff has not responded to document demands and interrogatories, and has further failed to respond to this motion. Plaintiff shall comply with all outstanding demand for documents and interrogatories **by January 20, 2006.** Furthermore, plaintiff has waived any objections to the outstanding discovery demands. Federal Rule 33(b)(4) provides that any ground for objection "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." The plaintiff has shown no cause at all for her failure to respond to the demands in a timely fashion. "It is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver." *Eldaghar v. City of New York Dep't of Citywide Admin. Svces,* 2003 LEXIS 19247 *2 (S.D.N.Y. Oct. 20, 2003). In cases where, as here, no good cause has been shown for the late responses, a finding of waiver is appropriate. "Any other result would ignore the time limits set forth in the Federal rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Id.* at * 3-4. Thus, any objections plaintiff may have had to the demands have been waived.

      As to the defendants' request to compel production of the DVD, the court is unable to determine from the request whether a formal demand was made that would include that production. Accordingly, defendants' request is denied without leave to renew if the DVD was the subject of a formal request.

      Defendants' also request an order compelling plaintiff to provide "the manner in which she calculated or computed her alleged damages." It is unclear from this request what, if

anything, plaintiff has already provided.  To the extent she has not already done so, plaintiff is directed to serve the defendants with a computation of the damages alleged in the complaint, along with any non-privileged documents or evidentiary materials upon which the computation was based, **by January 20, 2006.**

Finally, defendants are awarded $200 as reasonable costs, including attorneys' fees, pursuant to Federal Rule 37(a)(4)(A), the plaintiff having made no showing of substantial justification for her failure to timely respond to the discovery demands.

Dated: Central Islip, New York　　　　　　　　**SO ORDERED:**
　　　　 January 11, 2006

　　　　　　　　　　　　　　　　　　　　　　 /s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge